UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CIC COATINGS, LLC | § | |
| | § | |
| v. | § | CIVIL NO. 4:22-CV-194-SDJ |
| | § | |
| THE IDAHO PAINTER, INC. | § | |

**MEMORANDUM OPINION AND ORDER**

This case involves a contract dispute arising under Texas law. Although the case was originally filed in state court, Defendant The Idaho Painter, Inc. ("Idaho Painter") removed the action based on diversity of citizenship. The question presented is whether Idaho Painter has adequately demonstrated that the amount in controversy exceeds $75,000.00, as required to support a federal diversity claim under 28 U.S.C. § 1332(a). Because the answer is no, the Court remands this case to the 471st Judicial District Court for Collin County, Texas.

**I. BACKGROUND**

Chris Berry, i.e., "The Idaho Painter," is a social media influencer with over 955,000 followers on Facebook, Instagram, TikTok, and other social media platforms.[1] His company—Idaho Painter—entered a contract with Plaintiff CIC Coatings, LLC ("CIC Coatings") for sponsorship and promotional services. Under the contract, Idaho Painter agreed to promote CIC Coatings' products—cabinet paints

---

[1] *See* IDAHO PAINTER, https://www.idahopainter.com/ (last visited Mar. 6, 2023) ("Paint Life® is not just a brand, it is a mantra and a way of life . . . .").

1

and coatings—in exchange for $100,000.00 to be paid in four increments over the course of a year.

After CIC Coatings paid the first $25,000.00 increment, it terminated the contract over Idaho Painter's alleged failures to promote the products according to the contract's terms. Instead of using its "best good faith efforts" to promote the products "per industry standards," (Dkt. #15-1 ¶ 18), Idaho Painter allegedly failed to promote the products with the frequency or clarity required under the contract—sometimes failing to identify the CIC Coatings products or provide links to purchase them. Idaho Painter also allegedly tarnished the CIC Coatings brand by posting untoward content on its social media platforms—including shirtless workout videos, a video of a dog being thrown on a bed, and a post featuring a man wearing a diaper and sucking a pacifier.

CIC Coatings filed suit against Idaho Painter in state court seeking a refund of the $25,000.00, attorney's fees, and an injunction preventing Idaho Painter from using CIC Coatings products or materials in the future and requiring Idaho Painter to return all CIC Coatings materials and products in its possession. (Dkt. #15-1 at 10). After Idaho Painter removed the action to this Court, asserting subject matter jurisdiction under the federal diversity statute, (Dkt. #1), CIC Coatings moved to remand the case on the ground that the amount in controversy did not meet the jurisdictional threshold.[2] (Dkt. #10). Idaho Painter opposes the motion. (Dkt. #12).

---

[2] The motion to remand also asserted that Idaho Painter waived its removal right. (Dkt. #10 at 2–3). The Court need not reach this issue because, as described herein, it finds

2

The Court ordered the parties to submit supplemental briefs and evidence addressing the amount in controversy in this action. (Dkt. #18). The motion to remand is now fully briefed, (Dkt. #14, #16, #20, #21), and ripe for the Court's decision.

## II. LEGAL STANDARD

A defendant may generally remove a case filed against it in state court to a federal court with original jurisdiction over the controversy. 28 U.S.C. § 1441; *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83–84, 135 S.Ct. 547, 190 L.Ed.2d 495 (2014). One basis for original jurisdiction is the federal diversity statute. 28 U.S.C. § 1332; *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 313 (5th Cir. 2022). That statute authorizes federal courts to decide cases between "citizens of different States" when the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a).

The burden of establishing that the amount in controversy exceeds $75,000.00 rests with the party invoking federal jurisdiction. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it."). In a removal case, the defendant can satisfy that burden, as an initial matter, through plausible allegations in the notice of removal demonstrating an amount in controversy above the jurisdictional threshold. *Dart Cherokee Basin Operating Co.,*

---

that Idaho Painter has failed to establish that the amount in controversy exceeds the jurisdictional threshold.

3

*LLC*, 574 U.S. at 87–89. Should the parties dispute the amount in controversy, however, the defendant must establish that the amount in controversy requirement is met under a preponderance of the evidence standard. *Id.*; *see also Statin v. Deutsche Bank Nat'l Tr. Co.*, 599 F.App'x 545, 548 (5th Cir. 2014) (remanding to the district court for the limited purpose of evaluating whether the amount in controversy exceeded $75,000.00).

The defendant can establish that the amount in controversy requirement is met under a preponderance of the evidence standard in one of two ways: either by establishing that the amount in controversy exceeds $75,000.00 on the face of the state court petition; or by submitting summary-judgment-style evidence. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The Court resolves all doubts against removal and in favor of remand to state court. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007) ("The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand.").

### III. DISCUSSION

The Court finds that Idaho Painter has failed to establish that the amount in controversy exceeds $75,000.00. To the contrary, the pleadings and evidence suggest that CIC Coatings' contract damages likely fall far below that amount. Even considering the claims for injunctive relief and statutory attorney's fees, Idaho Painter has not established by a preponderance of the evidence an amount in controversy surpassing the jurisdictional threshold. In evaluating the amount in

controversy in a removal case, the Court disregards counterclaims and affirmative defenses, instead viewing the case from the plaintiff's perspective. *See Fed. Nat'l Mortg. Ass'n v. Morse*, No. 4:16-CV-396, 2016 WL 6871143, at *5 n.3 (E.D. Tex. Nov. 22, 2016) ("[D]istrict courts in the Fifth Circuit have generally held that a defendant's counterclaim against a plaintiff should not be considered in determining the existence of removal jurisdiction."). [3]

## A. Contract Damages

Because the parties have not submitted any evidence regarding CIC Coatings' anticipated contractual damages, the Court must evaluate the anticipated contractual damages based on the state court petition and the notice of removal alone. *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 87–89; *Manguno*, 276 F.3d at 723.

To begin, Texas law governs the contract under its binding choice of law provision. (Dkt. #15-1 at 18). Under Texas law, CIC Coatings may recover "benefit of the bargain" damages to restore its position had the contract been fully performed. *Atrium Med. Ctr., LP v. Hous. Red C LLC*, 595 S.W.3d 188, 194 (Tex. 2020). In addition to these benefit-of-the-bargain damages, CIC Coatings may also recover out-

---

[3] *See also Home Depot U. S. A., Inc. v. Jackson*, 139 S.Ct. 1743, 1748, 204 L Ed.2d 34, (2019) ("[A] counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action."); *Meridian Aviation Serv. v. Sun Jet Int'l*, 886 F.Supp. 613, 615 (S.D. Tex. 1995) ("The majority of courts that have considered this issue have determined that the amount in controversy is found solely by reference to the plaintiff's original complaint."); *S. Auto Elec. v. Tackett*, No. 20-CV-0091, 2020 WL 401916, at *2 (W.D. La. Jan. 23, 2020) ("The amount in controversy is generally assessed from the viewpoint of the plaintiff."); *De Rueda v. Porras*, No. CV H-08-3299, 2009 WL 10718878, at *2 (S.D. Tex. May 8, 2009) (observing that affirmative defenses are irrelevant in calculating the amount in controversy), *adopted by* 2009 WL 10718877 (S.D. Tex. June 22, 2009).

of-pocket expenditures made in reliance on the contract and restitution damages for benefits conferred on Idaho Painter without compensation. *Id.* CIC Coatings' recovery would not be limited to damages necessarily incurred because of the contract breach (direct damages); instead, its recovery could extend to other reasonably foreseeable losses (consequential damages). *Signature Indus. Servs., LLC v. Int'l Paper Co.*, 638 S.W.3d 179, 186 (Tex. 2022); *Dall./Fort Worth Int'l Airport Bd. v. Vizant Techs., LLC*, 576 S.W.3d 362, 373 (Tex. 2019).

Here, the state court petition seeks relief primarily in the form of a $25,000.00 refund. (Dkt. #15-1 at 10). Read generously, the petition also seeks three additional categories of damages: (1) general reputational damages, (2) lost sales arising from Idaho Painter's posting untoward content on its social media platforms and failing to use its best good faith efforts to promote CIC Coatings' products, and (3) benefit-of-the-bargain damages. (Dkt. #15-1 ¶¶ 52–53). The first category is a nonstarter. Texas law does not generally recognize reputational damages for breach of contract actions. *Rubalcaba v. Pac./Atl. Crop Exch., Inc.*, 952 S.W.2d 552, 559 (Tex. App.—El Paso 1997, no writ) ("Loss of business reputation is not an element of damages recoverable for breach of contract."); *Sulzer Carbomedics, Inc. v. Or. Cardio-Devices, Inc.*, 257 F.3d 449, 455 & n.7 (5th Cir. 2001) (observing that under Texas law damages for "actual harm to reputation" "are not recoverable for breach of contract").

As to the second category, CIC Coatings potentially could recover lost sales arising from specific breaches of a contractual provision as opposed to general reputational injuries. *See Med. Components, Inc. v. Osiris Med., Inc.*, No. EP-15-CV-

6

305-PRM, 2016 WL 7655714, at *4–5 (W.D. Tex. Mar. 4, 2016) (holding that a contractual provision requiring a party to use its "best efforts" to sell or market a product was enforceable because it was tied to an objective standard). But the parties have not identified any lost sales arising from breaches of a contract provision or provided a basis for calculating them.

Similarly, Idaho Painter has not identified any benefit-of-the-bargain damages or presented evidence regarding their expected value. Thus, even combining benefit-of-the-bargain damages with the requested refund and lost sales, Idaho Painter has not established under the preponderance of the evidence standard contract damages surpassing the jurisdictional threshold. Against this conclusion, Idaho Painter makes much of a paragraph in the state court petition requesting an offset of the contract's full value. (Dkt. #15-1 at 10). But to the extent that allegation can be understood as anything more than a throwaway line in a boilerplate prayer for relief, it is best understood as an affirmative defense to Idaho Painter's anticipated counterclaims.[4] *See De Rueda*, 2009 WL 10718878, at *2 ("[A] claimed offset is an affirmative defense that is irrelevant to the calculation of the amount in controversy.").[5]

---

[4] In its supplemental brief addressing the amount in controversy, CIC Coatings referred to its offset allegation alternatively as "affirmative defense" and a request for "declaratory relief." (Dkt. #21 ¶¶ 5, 6). The Court finds that the state court petition does not assert any claims for declaratory relief.

[5] Like this case, *De Rueda* involved a dispute over a $100,000.00 contract. *De Rueda*, 2009 WL 10718878, at *2. But unlike this case, the plaintiff in *De Reuda* paid the contract's full value at the outset and sought a return of the $100,000.00 in addition to lost profits. *Id.* at 1. The amount in controversy was therefore satisfied in *De Rueda*—but here it is not.

## B. Injunctive Relief

Idaho Painter has similarly not established that the requested injunctive relief exceeds the jurisdictional threshold. The amount in controversy for injunctive relief "is measured by the value of the object of the litigation." *Thompson v. Wells Fargo UA Holdings, Inc.*, No. 5:18-CV-00069-JRG, 2018 WL 4259238, at *2 (E.D. Tex. Sept. 6, 2018) (quoting *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013)). And a party may obtain injunctive relief under Texas law only to prevent "imminent harm[s]." *Radiant Fin., Inc. v. Bagby*, No. 05-16-00268-CV, 2017 WL 2927825, at *6 (Tex. App.—Dallas July 10, 2017, pet. denied) (articulating the elements for a permanent injunction under Texas law).

Here, CIC Coatings merely seeks an injunction to prevent Idaho Painter from using its content or products and to return any content or products in its possession. The parties have not presented any allegations or evidence to suggest an imminent threat that Idaho Painter will cause more than $75,000.00 in damages (even when combined with the other damages categories) in its use of CIC Coating's content and promotional materials. *See Hot-Hed, Inc. v. Safe House Habitats, Ltd.*, No. H-06-1509, 2007 WL 556862, at *1, *3 (S.D. Tex. Feb. 12, 2007) (remanding the case because no evidence had been presented establishing the value of a requested injunction preventing the defendant from selling certain products and accessories at trade shows). The Court finds, therefore, that the requested injunctive relief does not push the amount in controversy past the jurisdictional threshold.

**C. Attorney's Fees**

Finally, Idaho Painter cannot clear the jurisdictional threshold by tacking anticipated attorney's fees onto the other damages categories. To be sure, attorney's fees can be included in the amount in controversy when they are authorized by a state statute or agreement. *Coburn v. Am. Gen. Life & Acc. Ins. Co.*, No. H-12CV3678, 2013 WL 2289937, at *1 n.2 (S.D. Tex. May 22, 2013) ("Attorney's fees may be included in the total amount in controversy if a state statute provides for them."). And the Texas Civil Practice and Remedies Code authorizes attorney's fees in suits for "oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001(b)(8). But under the Texas lodestar method for calculating attorney's fees, a contract party may recover only for work performed at a reasonable hourly rate and for a reasonable number of hours. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 498 (Tex. 2019). And any fee award must be evaluated against the eight *Arthur Andersen* factors to determine whether an adjustment is required under the circumstances of the particular case. *Id.* at 496; *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).[6] Several of the *Arthur Andersen* factors would be particularly relevant here: for example, "the time and labor required," "the novelty and difficulty of the questions" presented, "the skill required," and "the amount involved." *Arthur Andersen & Co.*, 945 S.W.2d at 818.

---

[6] *See also Mexicans & Americans Thinking Together Found., Inc. v. Sonora*, No. SA-09-CA-598-XR, 2011 WL 13235161, at *7 (W.D. Tex. Aug. 9, 2011) ("Requested fees must relate reasonably to the amount in controversy or the complexity of the case's circumstances.").

Put simply, CIC Coatings could not recover attorney's fees surpassing the jurisdictional threshold for this straightforward one-count contract dispute. That is especially true since Idaho Painter has not identified any quantifiable damages except the $25,000 refund. *See Power Mgmt. Controls, Inc. v. 5Nickles, Inc.*, No. 3:20-CV-00154, 2020 WL 4678055, at *4–6 & n.7 (S.D. Tex. June 25, 2020) (holding that contract dispute in which the plaintiff alleged approximately $25,000.00 in actual damages did not surpass the amount in controversy requirement—even including attorney's fees and other damages), *adopted by* 2020 WL 4676741 (S.D. Tex. Aug. 12, 2020).[7] The Court therefore finds that, in light of its judgment and experience, Idaho Painter has not established the amount and controversy requirement for federal diversity jurisdiction even including anticipated attorney's fees. *See Tech Pharmacy Servs., LLC v. Alixa Rx LLC*, 298 F.Supp.3d 892, 904 (E.D. Tex. 2017) ("The Court is . . . an expert on reasonableness of fees and may use its own experience in deciding a fee award.").

### IV. CONCLUSION

Idaho Painter has presented little evidence demonstrating that this case is anything more than a $25,000.00 contract dispute. Even considering CIC Coatings' requested injunctive relief and attorney's fees, the expected amount in controversy falls far below the jurisdictional threshold. Therefore, it is **ORDERED** as follows:

---

[7] *See also Gulf Coast Env't. Sys., LLC v. TKS Control Sys., Inc.*, No. H-08-1080, 2008 WL 2704766, at *4 (S.D. Tex. July 7, 2008) (holding that attorney's fees did not push the amount in controversy past the jurisdictional threshold in a "straightforward contract dispute").

Plaintiff CIC Coatings, LLC's Motion to Remand, (Dkt. #10), is **GRANTED**.

The Court **REMANDS** this action to the 471st Judicial District Court for Collin County, Texas, from which it was removed.

**So ORDERED and SIGNED this 13th day of March, 2023.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE